# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELAINE ABOYADE-COLE BEY,**

                **Plaintiff,**

**-vs-**                                **Case No.  6:09-cv-1572-Orl-31GJK**

**BANKATLANTIC, a Federal Savings Bank,**

                **Defendant.**

_____

# ORDER

      This matter comes before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22) filed by Defendant BankAtlantic.  Although this case has been before the Court for some time, BankAtlantic contends that it was recently served with a "Refiled Complaint," and that it had not previously been served with any pleading in this matter.  The Plaintiff, Elaine Aboyade-Cole Bey ("Bey") has filed a response (Doc. 24) to BankAtlantic's motion.

      Although confusing and shot through with sovereign-citizen gibberish, the Refiled Complaint[1] revolves around BankAtlantic's (apparently successful) effort to foreclose a mortgage

---

[1]Bey filed her original complaint (Doc. 1) on September 14, 2009, and an amended complaint (Doc. 11) on November 13, 2009, but she has not filed a pleading titled "Refiled Complaint." BankAtlantic has not attached a copy of the Refiled Complaint.  However, on June 2, 2010, Bey sought a second summons to accompany a complaint "to be refilled with BankAtlantic". (Doc. 20 at 1).  Attached to her motion was a document entitled "Refiled Complaint" (Doc. 20-1 at 1), and this document appears to be consistent with the document described by BankAtlantic.  To expedite resolution, the Court will treat that attachment as the document at issue in the instant motion.

on Bey's house.  In it, Bey describes a number of alleged problems involving the mortgage loan,

the foreclosure, and her Chapter 13 filing.  (Doc. 20-1 at 2-7).  She asserts that jurisdiction is

proper under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (Doc. 20-1 at 7), and then

raises three non-federal claims – one for negligence, one for intentional infliction of emotional

distress, and one titled "misrepresentation of facts," which is in essence a fraud claim.  (Doc. 20-1

at 7-16).  Bey does not assert in the Refiled Complaint that federal question jurisdiction exists or

that she is a resident of any state other than Florida.

BankAtlantic does not dispute that the amount in controversy here exceeds the statutory

minimum of $75,000, but argues that there is no diversity because both parties are citizens of

Florida.  Both Bey (in the Refiled Complaint) and BankAtlantic (in its motion) assert that the bank

is headquartered in Florida.  BankAtlantic contends (and Bey does not dispute) that as a federal

saving bank, pursuant to 12 U.S.C. § 1464(x), it is considered to be a citizen only of the state in

which it has its home office – *i.e.*, Florida.  Thus, for diversity jurisdiction to exist, Bey must be a

resident of some state other than Florida.  28 U.S.C. § 1332.  However, in both the body and at the

conclusion of the Refiled Complaint, Bey identifies herself as a citizen of Florida.  (Doc. 20-1 at 5,

17).

The party seeking diversity jurisdiction has the burden of establishing jurisdiction by a

preponderance of the evidence.  *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th

Cir.1986).  In her response to the motion, Bey contends that she is now domiciled in Chicago,

Illinois.  (Doc. 24 at 2).[2]  However, diversity is determined when the suit is instituted, not when the

---

[2]She also disputes the contention that the Refiled Complaint shows her to be a resident of
Florida, but even a cursory review of that document shows that she is incorrect.  She provides two

cause of action arose.  *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Freeport-McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081 (5th Cir.1975).[3]  Diversity jurisdiction is unaffected by changes in citizenship of parties after complaint has been filed.  *Mas v. Perry*, 489 F.2d 1396 (5th Cir.1974).  If there is no diversity of citizenship as of the date of commencement of action, it cannot be created by a subsequent change of domicile by one of the parties.  *Slaughter v. Toye Brothers Yellow Cab Co.*, 359 F.2d 954 (5th Cir.1966).  Because Bey has not asserted, either in the Refiled Complaint or in her response to the motion, that she was a citizen of Illinois at the time when she filed this suit, diversity jurisdiction does not exist over this dispute.

In her response to BankAtlantic's motion, Bey also alleges that she has raised numerous federal claims, ranging from RESPA and TILA to the Fair Debt Collection Practices Act. However, although some federal constitutional and statutory provisions are referred to in the Refiled Complaint, the only actual claims asserted are state law claims.  Accordingly, Bey's argument that the Court possesses federal question jurisdiction must fail.

Finally, this case, at its core, is an attempt by Bey to appeal the decision of the state court permitting BankAtlantic to foreclose on her home.  The *Rooker-Feldman* doctrine provides that "federal courts, other than the Supreme Court, have no authority to review the final judgments of

---

addresses in Florida, and never mentions Chicago in that document.

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

state courts." *King v. Epstein*, 167 Fed. Appx. 121, 123 (11th Cir.2006) (*per curiam*) (citing

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir.2001) (internal citations and

quotations omitted)).  Under the doctrine, federal district courts lack jurisdiction over "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of

those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

Accordingly, even if this Court were to possess diversity or federal question jurisdiction over this

dispute, the *Rooker-Feldman* doctrine would bar any effort to undo or reconsider the foreclosure.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22)

is **GRANTED**, and this case is **DISMISSED**.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 2, 2010.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party